IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LEONARD R. PARTAIN, | : | |
| Plaintiff | : | |
| vs. | : | |
| Sheriff LEWIS S. WALKER, | : | NO. 5:10-CV-116 (CAR) |
| Defendant | : | **O R D E R** |

Plaintiff **LEONARD R. PARTAIN** is a former prisoner who, while incarcerated, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. In compliance with this Court's previous order, plaintiff has supplemented his complaint. Solely for purposes of this Court's dismissing plaintiff's complaint, leave to proceed *in forma pauperis* is hereby **GRANTED**.

Plaintiff alleges that during his confinement at the Crawford County Jail, he was allowed access to outdoor exercise only twice in two months and both times his legs remained shackled, even though plaintiff was not a flight risk. Plaintiff does not allege that he suffered physical injury or risk to his physical health, but instead only claims that he felt claustrophobic and was "emotionally upset" as a result of this treatment. Plaintiff seeks monetary damages equal to $1000 for every hour he did not go outside and $10,000 for each day he went outside in shackles.

## II. DISCUSSION

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and sanitation.[1] ***Farmer v. Brennan***, 511 U.S. 825, 832 (1994); ***Hamm v. DeKalb County***, 774 F.2d

---

[1] It is unclear whether plaintiff was a pretrial detainee during his time at the Crawford County Jail. For purposes of this Court's analysis, however, it does not matter whether plaintiff was a pretrial detainee or had already been sentenced. The Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due

1567, 1572 (11th Cir. 1985), *cert. denied* 475 U.S. 1096 (1986). To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety. *Farmer*, 511 U.S. at 834.

Regardless of whether plaintiff's being allowed to exercise outdoors only twice in two months violates the Eighth Amendment, *see Peterson v. Peshoff*, 216 F.3d 1079 (5th Cir. 2000) ("Peterson's contention that he was deprived of outdoor exercise for approximately 47 days is frivolous."), plaintiff has failed to allege any physical injuries as a result of the limited opportunities for exercise. The Prison Litigation Reform Act provides at 42 U.S.C. § 1997e(e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff has alleged only mental or emotional injuries resulting from his lack of exercise. Accordingly, section 1997e(e) on its face bars this action. *Mitchell v. Brown & Williamson*, 294 F.3d 1309, 1312-13 (11th Cir. 2002) (Section 1997e(e) bars the recovery of damages for mental or emotional injury where there is no connected physical injury).

The Eleventh Circuit has held that section 1997e(e) may not bar lawsuits seeking equitable relief or only nominal damages. *See Frazier v. McDonough*, 264 Fed.Appx. 812, 815 (11th Cir.2008); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir.2007). Plaintiff, however, sought no equitable relief in the present case and clearly requested more than nominal damages. Section

---

process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb Co.*, 774 F.2d 1567, 1574 (11th Cir. 1985).

1997e(e) therefore mandates that this lawsuit, which was filed while plaintiff was confined at the Crawford County Jail, be **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 28th day of April, 2010.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

cr